# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIE HALL, IV,

    Plaintiff,

v.

JERRY MILES; and AL BLANKENSHIP,

    Defendants.

CIVIL ACTION NO.: 5:14-cv-014

## O R D E R

This matter comes before the Court on Defendants' Motion to Dismiss, (doc. 29), and Plaintiff's failure to comply with the Court's Order of March 2, 2016, (doc. 30), and his failure to inform the Court, in writing or otherwise, of any new or different address. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss, and Plaintiff's claims are **DISMISSED without prejudice** for failure to prosecute. Moreover, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

On February 7, 2014, Plaintiff, proceeding *pro se*, filed a Complaint contesting certain conditions of his confinement while housed at Coffee Correctional Facility in Nicholls, Georgia. (Doc. 1.) With his Complaint, Plaintiff filed a Motion to Proceed *In forma pauperis*. (Doc. 2.) The Court granted that Motion on February 10, 2014. (Doc. 3.) In that Order, the Court directed Plaintiff to, among other things, inform the Court upon any change in his address and that his failure to do so could result in the dismissal of this action. (Id. at p. 3.)

On April 8, 2014, Magistrate Judge James Graham issued an Order following a frivolity review of Plaintiff's Complaint. (Doc. 8.) The Court directed a copy of Plaintiff's Complaint be

served upon Defendants. (Id.) In that Order, the Court provided instructions to Plaintiff regarding the prosecution of this action. (Id. at p. 5 (citing Local Rule 11.1).) The Court again emphasized to Plaintiff that he must update the Court regarding any change in his address and that the Court would dismiss his case if he failed to do so. The Court further instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at p. 6.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion. The Court explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the motion. (Id.)

On February 23, 2016, Defendants filed a Motion to Dismiss this case for Plaintiff's failure to update the Court with his current address. (Doc. 29.) Defendants noted that several pieces of mail which the Court sent to Plaintiff have been returned as undeliverable. (Id. (citing docs. 20, 21).) On March 2, 2016, the Court instructed Plaintiff to respond to Defendants' Motion to Dismiss within twenty-one days. (Doc. 30.) The Court again alerted Plaintiff that, should he fail to respond to the Motion to Dismiss, the Court would presume that he does not oppose the Motion. (Id. at p. 3.) In addition, the Court provided Plaintiff with a copy of Federal Rules of Civil Procedure 41 and 12 to ensure that he had full notice of the requirements of the Rules regarding motions to dismiss. (Id.)

On March 7, 2016, pursuant to the parties' prior consent, Chief District Judge Lisa Godbey Wood referred this case to the undersigned Magistrate Judge to conduct all proceedings, including trial, the entry of final judgment, and all post-trial proceedings. (Doc. 31.)

Plaintiff has entirely failed to respond to Defendants' Motion to Dismiss. Indeed, Plaintiff has not made any filings in this case since December 29, 2014. (Doc. 7.) Furthermore,

the Court has been unable to mail pleadings to Plaintiff, and he has never updated the Court of any change of address.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendants' Motion to Dismiss. For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

## I. Dismissal for Failure to Prosecute and to Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on several occasions of the consequences of his failure to comply with this Court's Orders and failure to prosecute this case.

its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Despite having been

advised of his obligation to inform the Court upon any change in his address, Plaintiff has failed to do so. See Local Rule 11.1 ("each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change"). Moreover, Plaintiff has not filed any opposition to Defendants' Motion to Dismiss despite being apprised of the consequences for failing to respond. Additionally, with Plaintiff not having taken any action on this case for approximately sixteen months, he has failed to diligently prosecute his claims. Thus, the Court has no option but to dismiss this case.

## II. Leave to Appeal *In Forma Pauperis*

The Court also **DENIES** Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531

(11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** this action without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 22nd day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA